UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT E. N., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-04082-SLD-JEH |
| | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| and MICHAEL WYDEL,[1] | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Defendants' Combined Motion to Dismiss and Memorandum in Support Thereof, ECF No. 4,[2] Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 11, and Plaintiff Robert E. N.'s objections thereto, ECF No. 12.  For the reasons that follow, Plaintiff's objections are OVERRULED, the R&R is ADOPTED IN PART and REJECTED IN PART, and the motion to dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] Plaintiff sued "Michael Wydel" and "SS Office Peru IL" in state court. *See generally* Compl., Not. Removal Ex. 1, ECF No. 1-1.  Michael Wydel is a misspelling of Michael Weitl, the District Manager in the Social Security field office in Peru, Illinois.  Not. Removal 1, ECF No. 1.  The Acting Commissioner of Social Security removed the case from state court and included the Social Security Administration rather than the Peru, Illinois field office of the Social Security Administration as a Defendant in the caption of its Notice of Removal.  *See id.*

[2] The Motion to Dismiss is filed on behalf of the United States.  Mot. Dismiss 1.  The Court construes Plaintiff's suit as one against the United States, and the Motion to Dismiss as a motion asserted on behalf of the Social Security Administration and Weitl.  *See, e.g., Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987) (explaining that a suit against a federal officer in his official capacity is a suit against the United States).

1

## BACKGROUND[3]

In March 2021, Plaintiff was appointed to be the representative payee for his son's auxiliary Social Security benefits. The Commissioner of Social Security ("Commissioner") subsequently made his son's mother the representative payee for those benefits, removing him as the representative payee. On May 5, 2023, Plaintiff filed suit in state court, seeking $10,000 in damages for "mental anguish" and "past benefits." Compl. 3–4, Not. Removal Ex. 1, ECF No. 1-1.[4] On May 23, 2023, Defendant removed to federal court because Plaintiff's suit was asserted against a federal employee in his official capacity as an officer of an agency of the United States. *See* 28 U.S.C. § 1442(a)(1) (providing that "[a] civil action . . . that is commenced in a State court and that is against" certain listed persons "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending," where the listed persons include "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity"). On July 13, 2023, Defendant moved to dismiss Plaintiff's Complaint with prejudice, arguing that the Court lacked jurisdiction to redress Plaintiff's injuries. Mot. Dismiss 3–6. Plaintiff responded by questioning the merits of the Commissioner's determination of the representative payee for his son's benefits but did not address the jurisdictional arguments. *See generally* Resp. Mot. Dismiss, ECF No. 10.

On September 28, 2023, Judge Hawley issued his R&R, recommending that the Court grant the Commissioner's motion to dismiss and dismiss Plaintiff's case with prejudice. *See*

---

[3] The Motion to Dismiss is asserted under Federal Rule of Civil Procedure 12(b)(1), so the court "accept[s] as true the [complaint's] well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff," *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (quotation marks omitted), and "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists," *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quotation marks omitted). Unless otherwise noted, the following facts are drawn from the Complaint and the exhibits to the Motion to Dismiss.

[4] The Complaint is unpaginated, so the Court uses the page numbers generated by CM/ECF.

R&R 3–6.  On October 12, 2023, Plaintiff filed his objections to the R&R, which did not address the jurisdictional ruling.  *See generally* Objs.

## DISCUSSION

### I. Legal Standards

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge will "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1).  A party may file written objections to the recommended disposition within fourteen days of its service.  *Id.* 72(b)(2).  The district judge will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.* 72(b)(3).  Any unobjected portions will be reviewed for clear error only.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Defendants may move to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case."  *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).  "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff, but a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met."  *Id.* at 588–89 (quotation marks omitted).  The court may also consider "whatever evidence has been submitted on the issue to determine whether in fact subject matter exists."  *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

II.    Analysis

Plaintiff did not object to the R&R's conclusion that the Court lacked jurisdiction to grant him any relief regarding his claim that the SSA erred in its determination of a representative payee for his son's benefits. *See* R&R 4 ("Neither the Social Security Act nor the regulations promulgated by the Commissioner authorize judicial review of representative-payee determinations, as these are discretionary decisions of the Commissioner." (quoting *Jackson v. United States*, No. 07 CV 7216, 2008 WL 4089540, at *4 (N.D. Ill. Aug. 21, 2008))). After reviewing the R&R, the parties' filings, the record, and the applicable law, the Court finds no clear error in the R&R's jurisdictional analysis. Plaintiff's factual disputes are immaterial. The Court has no jurisdiction to review the Commissioner's decision to deny Plaintiff representative payee status under 42 U.S.C. § 405(g). *See Jackson*, 2008 WL 4089540, at *4. And Plaintiff may not rely on federal question jurisdiction to press his claim against Defendant. *See Califano v. Sanders*, 430 U.S. 88, 1098 (1977) ("[F]ederal-question jurisdiction under 28 U.S.C. § 1331 is precluded by [42 U.S.C. § 405(h)]."); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 933–35 (N.D. Cal. 1997) (analyzing and rejecting arguments that other statutes allowed a federal court to exercise jurisdiction over challenges to the Commissioner's representative-payee determinations).

However, the R&R contains no justification for recommending that Plaintiff's case be dismissed with prejudice. *See* R&R 6. Defendant also did not support the request that this case be dismissed with prejudice, despite the Court lacking subject matter jurisdiction over Plaintiff's claim. *See* Mot. Dismiss 5–6. If a case is dismissed for lack of subject matter jurisdiction, such a dismissal must be without prejudice. *See, e.g.*, *Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without

prejudice . . . ."); *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").

## CONCLUSION

Accordingly, Plaintiff Robert E. N.'s objections, ECF No. 12, are OVERRULED, Magistrate Judge Jonathan E. Hawley's Report & Recommendation, ECF No. 11, is ADOPTED IN PART and REJECTED IN PART, and Defendant's Combined Motion to Dismiss and Memorandum in Support Thereof, ECF No. 4, is GRANTED IN PART and DENIED IN PART. Plaintiff's case is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is directed to enter judgment and close the case.

Entered this 4th day of November, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE